ADOLPH ROTHMILLER, Respondent, *v.* THEODORE G. STEIN et al., Appellants.

(New York Common Pleas — General Term, June, 1894.)

A fellow stockholder having made plaintiff an offer to purchase his stock for either eighty dollars a share in cash or fifty dollars in cash and a further fifty dollars payable if the dividends during the year amounted to a certain sum, the plaintiff, relying upon false representations as to the financial condition of the company, made by defendants, who were managing officers of the company, accepted the latter alternative. The company at the time was in fact insolvent, and the contingent payment, therefore, never became payable. *Held,* that these facts made out a cause of action against the defendants for deceit; that plaintiff sustained damage by his reliance on the representations in the difference between the amount he received for his stock and that which he would have received had he chosen the other alternative, and that he was under no obligation to defendants to verify their statements before acting upon them.

APPEAL from interlocutory judgment overruling demurrer to complaint.

*William J. Lippmann,* for respondent.

*Louis Marshall,* for appellants.

BISCHOFF, J. The action is brought against two managing officers of a corporation to recover damages for false representations as to the financial condition and state of earnings of the company, relying upon which the plaintiff, a stockholder, availed himself of a certain alternative offer for the purchase of his stock made to him by one Moore, a fellow stockholder.

It is alleged that by reason of the falsity of these representations plaintiff was damaged in the difference between the sum obtained by him upon this sale and the amount which, but for the representations, he would have accepted and received from Moore upon acceding to the latter's proposition in the alternative other than that which he actually accepted.

This offer was for the purchase of plaintiff's stock at eighty dollars per share in cash, or for the sum of fifty dollars per

share in cash, and the further sum of fifty dollars payable if the dividends declared by the corporation during the succeeding year should amount to ten per cent. Relying upon the representations made by defendants, plaintiff accepted the latter offer, and, by reason of the actual condition of the company, the contingent payment from Moore never became payable.

The statements alleged, and here admitted to have been made, with regard to the actual condition of the corporation, were certainly of a nature to justify the action of the plaintiff in accepting the offer in the alternative mentioned, and that plaintiff was damaged by this acceptance clearly appears from the allegations.

The pleading is not open to criticism with regard to the essential allegations of falsity and knowledge.

For appellants it is contended that there was no damage to plaintiff, for a true report as to the condition alleged to have existed at the time (actual insolvency) would have precluded plaintiff's acceptance of the advantageous offer without fraud as against Moore, but this is not a tenable position in view of the nature of the action.

Consistently with the established theory of an action for deceit, the damages are here claimed to have been sustained by plaintiff through his reliance upon the representations made. It does not appear that Moore's offer was in any way connected with the representations or that he knew of the report thus made, which appears to have been for plaintiff's supposed enlightenment alone. The proposition is alleged to have been an independent one, coming unsolicited. Plaintiff was called upon to exercise an option, should he assent to this proposition, and, while so assenting, he made his election in reliance upon the defendants' representations and was thereby damaged, as subsequently appeared. He was not bound to so rely. He might, in disregard of the representations, have accepted the other alternative held out and have obtained the sum now claimed, without any possible fraud on his part as against Moore. But by his reliance he was damaged in the

difference noted and the cause of action accrued. The false representations alone did not create this cause of action. Defendants having chosen to make such representations, their liability was suspended upon the plaintiff's justifiable acts of reliance with the consequent damage, as shown.

Agents of a corporation are subject to the general common-law rule imposing upon a party making a false representation, whereby another is misled, a liability for its direct consequences. Morawetz Corp. § 573.

Plaintiff was not bound in any way to verify the report given him by defendants as directors, although it must be assumed that he had the opportunity. The corporation was organized under the laws of the state of New Jersey, and by the common law, which is presumed to obtain in such a case as the present ( *Whitford* v. *R. R. Co.*, 23 N. Y. 465 ; *Waldron* v. *Ritchings*, 3 Daly, 288), plaintiff had access to any one or all of the books and records of the corporation (Cook Stock & Stockholders, § 511), yet to defendants he owed no duty of vigilance, they being the parties guilty of the fraud as against him, and he was under no obligation to ascertain the facts with regard to representations as to the truth of which the defendants, with peculiar means of knowledge, had pledged their faith. See *Wright* v. *Denniston, ante,* page 79.

It is not necessary to discuss the allegations of mismanagement. That the complaint is to be upheld only upon the theory of an action for deceit appears to be conceded by the parties, and is clear upon the reasons given at Special Term.

We find no force in appellants' argument to the effect that a negative and not a positive act was done by plaintiff in reliance upon the representations, and that this was, therefore, not properly " action." The argument is based upon the absence of any cases where the facts have disclosed a failure to perform a certain act as the basis of an action for deceit, but the point is without application in this case.

The active exercise of an election is certainly to be taken as action, and this exercise, relying upon the representations, was the basis of plaintiff's damage.

22

It follows that the judgment must be affirmed, with costs; leave to defendants to answer upon payment of costs.

BOOKSTAVER, J., concurs.

Judgment affirmed, with costs, with leave to defendants to answer upon payment of costs.